**IN THE**
**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**ROCK ISLAND DIVISION**

UNITED STATES OF AMERICA,
      Plaintiff,

v.                                                          Case No. 4:10-cv-40051-JEH-3

JAMES D. LIBY,
      Defendant.

### Order

Now before the Court is Defendant James D. Liby's motion for early termination of supervised release.[1] For the reasons stated *infra¸* the motion is granted.

The grand jury charged Liby in a four-count indictment on July 28, 2010, with conspiracy to manufacture, distribute, and possess with intent to distribute 50 grams or more of cocaine base "crack," 50 grams or more of methamphetamine, and 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A), and (b)(1)(B), and with possession with intent to distribute 5 grams or more of a mixture containing a detectable amount of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). On March 3, 2011, Liby entered a guilty plea to Counts 1 and 3 of the indictment pursuant to a plea agreement, and the Court accepted the plea agreement.

Liby was initially sentenced on June 11, 2012, to 324 months in prison on Count I and 262 months on Count III, to run concurrently with each other and with the sentence imposed in Warren County, Case No. 05-CF-41. This was followed by

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

a ten-year term of supervised release on Count I and an eight-year term on Count III, also to run concurrently. Due to the First Step Act, Liby's sentence was reduced to 188 months, and on March 9, 2021, an amended judgment further reduced his term of supervised release from ten years to eight years. Liby was released from the Bureau of Prisons on December 12, 2023, and began his term of supervised release. On July 16, 2025, Liby filed a motion for early termination of supervised release, and the Federal Public Defender was appointed to represent him. Subsequently, on July 31, 2025, an amended motion for early termination was filed. The Government filed a response on August 12, 2025, opposing the motion for early termination, citing Liby's status as a career offender and his prior history of non-compliance with supervision terms.

Liby moves for early termination of supervised release on several grounds supported by evidence of rehabilitation, compliance, and positive life changes. He argues that, after serving over thirteen years in prison with no disciplinary infractions and successfully completing more than twenty correctional and vocational programs—including certification as a Production Technician and the Residential Drug Abuse Program—he has demonstrated extraordinary rehabilitation and addressed the root causes of his criminal conduct, particularly his substance abuse history and criminal thinking patterns. Since release, Liby has maintained full compliance with every condition of supervision, passed all drug tests, faced no violations or criminal incidents, and required only minimal probation intervention, with his probation officer acknowledging his model behavior but stating that agency policy prohibits recommending early termination for individuals classified as career offenders. He reports two law enforcement contacts, both non-criminal, which he immediately reported to his probation officer.

Liby supports his motion with extensive evidence of productive societal reintegration. Since his release, he maintained steady legitimate employment, first at Rivian and then through an apprenticeship with the Sheet Metal Workers' Union in Morton, Illinois, leading to stable work with Mechanical Service Incorporated.   He is balancing this job with a rigorous, full-time enrollment in the Midwest Technical Institute (MTI) Welding Program, with a projected graduation in November 2025. His apprenticeship records and school transcripts show excellent attendance, continuous wage advancement, and strong academic performance, including multiple final grades of "A." He further furnishes a letter from the U.S. Postal Service denying him a job solely because of his supervised release status, demonstrating that continued supervision is an impediment to further employment opportunities and advancement in his chosen field.

Liby describes stable family relationships and social support. He regularly visits his mother and maintains positive connections with family members who have rehabilitated after their own involvement in the underlying offense.  His main familial influences tied to past criminal conduct—his brother Mark and his uncle John—have passed away, and he no longer maintains contact with his former co-conspirator. He underscores his newfound independence from negative familial influences and his commitment to being a law-abiding and positive member of his family.

Legally, Liby invokes 18 U.S.C. § 3583(e)(1), which allows for early termination if the defendant's conduct and the interests of justice warrant it after one year of supervision and cites policy statements encouraging early termination for those who demonstrate rehabilitation and low risk to the community.   He notes the presumption in favor of early termination after 12–18 months for supervisees who, like himself, comply fully and present no risk, and he addresses the Government's likely refusal to support early termination for career offenders

by emphasizing that the statute and policy do not mandate denial based on that status alone. He relies on case law and Judicial Conference guidance distinguishing the rehabilitative purpose of supervised release from the punitive aims of incarceration, and stresses that post-sentencing rehabilitation is highly relevant to this analysis. He asserts that continued supervision is unnecessary and actively hinders his continued rehabilitation and employment prospects, serving no useful rehabilitative, deterrent, or protective function. Liby concludes that early termination is not a reward, but a prudent, responsible outcome for someone who has fully complied, no longer requires supervision, and presents no risk to society.

The Government opposes the motion for early termination of supervised release by emphasizing Liby's extensive and persistent criminal history, statutory and policy criteria, and insufficient time served on supervision. The Government outlines that Liby's criminal record spans from his juvenile years and includes four felony drug convictions and a battery, with at least four stints in the Illinois Department of Corrections, two parole revocations, and a pattern of reoffending almost immediately upon release from incarceration. At his original sentencing, the Court classified Liby as a career offender, a designation stemming from multiple qualifying felony drug convictions. Liby was released from prison on December 12, 2023, and has completed only about 20 months of his 96-month supervised release term, just over 20% of the total.

Legally, the Government asserts that early termination of supervised release requires the Court to consider factors under 18 U.S.C. § 3553(a), including the defendant's history and characteristics, the need for deterrence and public protection, sentencing guidelines, and relevant policy statements. It highlights that time served on supervision is not an explicit statutory factor, but can be considered together with the other criteria, and stresses that the defendant bears

the burden of proving early termination is warranted.    The Government references the Guide to Judiciary Policy, which generally prohibits early termination for career offenders; since Liby is a career offender, he does not qualify under the policy criteria, and his probation officer therefore does not support early termination.

To counter Liby's claim that supervised release is an unreasonable hindrance, the Government addresses his failed attempt to become a part-time mail carrier. The Government notes that his ineligibility resulted not only from his supervised release status but also from his recent incarceration, and that early termination would not remedy his employment bar. It further suggests that Liby's extensive drug-trafficking record properly disqualifies him for a position involving trust, such as handling U.S. Mail.  While the probation officer concedes Liby has performed well on supervision, the Government maintains that mere compliance is insufficient and that Liby's career offender status, incomplete supervision term, and prior poor compliance with release conditions warrant denial of early termination at this stage. The Government recommends following the Guide to Judiciary Policy's advice and revisiting early termination only after Liby has completed additional supervision.

This Court has stated the now familiar standard for evaluating motions for early termination of supervised release numerous times in several cases. To briefly repeat again here, pursuant to 18 U.S.C. § 3583(e)(1), after one year, a court can terminate supervised release early if it is warranted by the defendant's conduct and in the interest of justice. A defendant's behavior must demonstrate rehabilitation such that they no longer pose a danger to the community. *See United States v. Crisp*, 770 F. Supp. 3d 1124, 4–5 (C.D. Ill. 2025). Once at least one year of a supervised release term has elapsed, a court must consider the factors set forth in 18 U.S.C. § 3553(a) as required by 18 U.S.C. § 3583(e). Among these factors are: 1)

the nature and circumstances of the offense and the history and characteristics of the defendant; 2) deterrence of future criminal conduct; 3) protecting the public from future criminal conduct; 4) providing the defendant with adequate resources while on supervised release; 5) and the need to avoid unwarranted sentence disparities among defendants similarly situated who have been found guilty because of similar conduct.[2] 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(6).

The facts and circumstances as set forth above demonstrate that this case is substantially similar to the facts set forth in *Crisp*, 770 F. Supp. 3d at 1124, where this Court granted a motion for early termination of supervised release. More specifically, like the defendant in *Crisp*, Liby had a perfect record while serving a lengthy sentence in prison, availed himself of available rehabilitative programs in prison, has had perfect conduct while on supervised release, has had stable employment, is pursuing educational opportunities, and by all accounts has done remarkably well during his 20+ months of supervision. All of this weighs in the balance of applicable § 3553(a) factors toward early termination of supervised release.

On the other side of the balance, as the Government argues, is Liby's career offender status under the Sentencing Guidelines, the Judiciary's policy for probation officers regarding making recommendations for early termination of supervised release as it relates to career offenders, and the relatively short period of time Liby has been on supervision.

---

[2] Sub-18 U.S.C. § 3553(a)(3) is excluded from factors a court must consider as set forth in 18 U.S.C. § 3583(e), and subsections (a)(4) and (a)(5) only have applicability to imposition and revocation of a supervised release term, not an early termination. Subsection (a)(7) relates to restitution, which is inapplicable in this case.

Regarding Liby's career offender designation, that designation does connote a more serious criminal history than may be typical. However, as this Court has previously found, when someone with a serious criminal history does uncharacteristically well in prison while serving a lengthy sentence and while on supervision, the change in behavior from the past and now can be good evidence of rehabilitation. *See Crisp* 770 F.Supp.3d 1124; *United States v. Katus*, No. 1:08-CR-10024-JEH-1, 2025 WL 1827893 (C.D. Ill. July 2, 2025), *4 (noting the contrast between supervisees prior conduct and conduct while on supervision demonstrated rehabilitation). Such is the case here, where Liby's efforts toward rehabilitation in prison and while on supervise release demonstrate that a positive change has occurred in him. Regarding the policies for probation officers, while the Court is aware of the policies set forth in the Judiciary's policies and procedures for probation officers, the Court must be guided by the statute, which requires an individualized determination and the weighing of the applicable § 3553(a) factors.  Finally, regarding the length of the sentence, it exceeds by several months the minimum term of supervision served before a defendant can file an early termination motion, and Liby has served more time on supervision that the defendant did in *Crisp*, 770 F. Supp. 3d at 1131 (rejecting an argument that serving less than 20% of a supervised release term should prohibit early termination).

Regarding deterrence, avoiding unwarranted disparities, and the other § 3553(a) factors discussed in the context of *Crisp*, the same analysis of how those factors weigh in the balance in Crisp apply here; the weighing of the relevant § 3553(a) factors warrant the early termination of supervised release.  Liby has demonstrated through his conduct while serving his sentence both in prison and on supervised release that he is rehabilitated to the extent that he does not pose a unique danger to the public. The purposes of supervised release have been serve,

and, accordingly it is in the interests of justice to terminate Liby's supervised release early. Accordingly, his motion is granted.

*It is so ordered.*

Entered on August 15, 2025

<u>s/Jonathan E. Hawley</u>
U.S. DISTRICT JUDGE